DISTRICT OF OREGON
**F I L E D**
**June 03, 2026**
**Clerk, U.S. Bankruptcy Court**

Below is an order of the court.

*Teresa H. Pearson*
TERESA H. PEARSON
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 25-33551-thp7 |
| Kevin Marcel Sheehy, | |
| Debtor. | |
| Kerry Supplee and Anna Supplee, | Adv. Proc. No. 26-03007-thp |
| Plaintiffs, | MEMORANDUM DECISION[1] |
| v. | |
| Kevin Marcel Sheehy, | |
| Defendant. | |

This matter comes before the court on a motion and a cross-motion for partial summary judgment.[2]  The court held a hearing on the motions, at which Steven F. Cade appeared on behalf of plaintiffs, and Natalie S. Scott appeared on behalf of defendant.  After considering the

---

[1] This disposition is specific to this case.  It may be cited for whatever persuasive value it may have.
[2] Defendant's Motion for Partial Summary Judgment, ECF No. 13, filed Mar. 19, 2026; Plaintiffs' Response to Motion for Summary Judgement and Cross-Motion for Summary Judgment, ECF No. 18, filed Apr. 17, 2026.

Page 1 of 6 - MEMORANDUM DECISION

arguments made, the records and files of this case, and the law set forth below, the court grants and denies each of the motions in part.

### Facts

The parties agree on the following facts:

1.      Plaintiffs filed a lawsuit against defendant in the state of Washington and obtained an Order of Default Judgment from the Clark County Superior Court (the "Washington Judgment"). Thereafter, plaintiffs registered the Washington Judgment in Oregon.

2.      Defendant did not appear or participate in the lawsuit in Washington.

3.      The Washington Judgment was entered August 29, 2025.  It provides a total award of $326,128.18, consisting of principal judgment for $273,415.00, $21,663.47 in prejudgment interest, $25,000 in treble damages, $5,623.00 in attorney fees and $426.71 in costs, plus post-judgment interest at 12% per annum.

4.      Defendant filed bankruptcy on October 22, 2025.

5.      Plaintiffs then filed their complaint in this case, seeking a money award of $326,128.18 plus $15,010.80 in post-judgment interest and non-dischargeability of that sum under 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(4).

6.      The complaint in this case asserts that the Washington Judgment is entitled to preclusive effect under federal bankruptcy and Washington state law.

The parties dispute whether defendant was personally served on May 24, 2025, with the summons and complaint in the Washington lawsuit.  This court does not need to decide that dispute to resolve these motions for summary judgment.  This court is required to give the Washington Judgment full faith and credit.[3]  The state court specifically found in the Washington Judgment that the defendant was properly served with the summons and complaint.[4]  In his motion, defendant has not collaterally attacked, or asked this court to vacate, the Washington Judgment.

---

[3] 28 U.S.C. § 1738; *Gayden v. Nourbakhsh (In re Nourbakhsh)*, 67 F.3d 798, 801 (9th Cir. 1995).
[4] Declaration of Kerry Supplee in Support of Response to Motion for Judgment, ECF No. 19, Exh. 3, p. 2, filed Apr. 17, 2026.

## Analysis

Plaintiffs assert that the Washington Judgment is preclusive in this adversary proceeding. State court judgments can be given preclusive effect in bankruptcy cases.[5] The question here is whether res judicata (claim preclusion) applies to the Washington Judgment.[6] To determine the preclusive effect of a state court judgment, the court must use the preclusion law of the state from which the original judgment arises.[7] The Washington Judgment was entered in Washington, so the court must apply Washington law.

Under Washington law, default judgments are entitled to claim preclusive effect.[8] The Washington Court of Appeals has recently summarized Washington's law on res judicata (claims preclusion), in *Carter v. MultiCare Health Systems*:

> Res judicata prohibits relitigation of claims that were litigated or could have been litigated in a prior action. Courts considering res judicata must be careful not to deny a litigant their day in court.  However, res judicata aims to prevent piecemeal litigation and supports the finality of judgments. The doctrine is designed to curtail multiplicity of actions and harassment in the courts.
>
> A threshold requirement for res judicata's application is a valid and final judgment on the merits in a prior suit.  Res judicata bars relitigation of both a claim that was litigated to a final judgment and one that *could have* been litigated to a final judgment.  In other words, courts can apply the doctrine to claims that were not resolved in a prior action, so long as that action resulted in a final judgment on the merits.  A party arguing that res judicata applies to claims that were unresolved in the prior litigation must show that reasonably diligent parties should have raised the unresolved claims in the prior litigation.
>
> A subsequent claim is barred under the doctrine of res judicata if the claims, taken together, are identical in (1) subject matter, (2) cause of action,

---

[5] *George v. City of Morro Bay (In re George)*, 318 B.R. 729, 733 (9th Cir. BAP 2004), aff'd, 144 F. App'x 636 (9th Cir. 2005).
[6] The parties agreed at oral argument that issue preclusion does not apply.  Under Washington law, a default judgment entered in Washington is not entitled to issue preclusive effect. *Stephens v. Bigelow (In re Bigelow)*, 271 B.R. 178, 183-84 (9th Cir. BAP 2001).
[7] *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327, 1331-32 (1985).
[8] *Lenzi v. Redland Ins. Co.*, 140 Wash. 2d 267, 279-80, 996 P.2d 603, 609 (2000).

(3) persons and parties, and (4) quality of the persons for or against whom the claim is made.

\* \* \*

There is no simple or all-inclusive test to determine whether a matter should have been litigated in a prior proceeding.  However, generally speaking, one cannot say that a matter should have been litigated earlier if it could not have been litigated earlier, for example, if a necessary fact was not in existence at the time.  Similarly, one cannot say that a matter should have been litigated earlier if, even though it could have been litigated earlier, there were valid reasons for not asserting it earlier.  Specifically, res judicata will not apply if the matter was an independent claim not required to be joined, or if the matter's omission from the prior proceeding benefitted, rather than vexed, the party now asserting res judicata.  However, courts have held that a matter should have been raised and decided earlier if it was merely an alternate theory of recovery or an alternate remedy.[9]

Applying these rules, the Washington Judgment has claims preclusive effect on the amount defendant owes plaintiffs.  The amount of the debt owed by defendant to plaintiffs was determined in the Washington Judgment.  The claims arise from the same subject matter, defendant's construction work on plaintiffs' real property.  The same people are parties to both lawsuits.  The cause of action can be considered identical, regardless of whether the elements are the same, where the second case arises out of a common nucleus of operative facts.[10]  Both the Washington lawsuit and this nondischargeability case arise out of the same nucleus of operative facts.  If defendant did not think he owed money to plaintiffs, he could have and should have litigated his position in the Washington case.  The parties are in an adversarial posture in both proceedings, which meets the requirement regarding quality of persons for or against whom the claim is made.[11]

However, the Washington Judgment does not have claims preclusive effect on the dischargeability of the debt.  Even though the four-part test for application of res judicata is satisfied, the threshold requirement that the case was or could have been litigated in Washington

---

[9] *Carter v. MultiCare Health Sys.*, 31 Wash. App. 2d 755, 770-71, 774, 553 P.3d 98, 106-08 (2024) (citation modified).
[10] *Ensley v. Pitcher*, 152 Wash. App. 891, 903-04, 222 P.3d 99, 104-05 (2009).
[11] *Landry v. Luscher*, 95 Wash. App. 779, 785, 976 P.2d 1274, 1278 (1999).

state court is not.  The issue of nondischargeability was not determined in the Washington Judgment and could not have been decided by the Washington state courts.  There was no bankruptcy case yet, and thus no issue of dischargeability existed when the Washington Judgment was entered.  Even if the bankruptcy had been filed while the state court case was pending (and relief from stay granted), the Washington court could have no jurisdiction over plaintiffs' nondischargeability claims.[12]

Plaintiffs argue that under the Washington Supreme Court's decision in *Lenzi*, "a judgment of any sort gets claim preclusive effect against all other claims that arise under the common nucleus of transactional fact."[13]  Plaintiffs take *Lenzi* too far.  *Lenzi* itself involved claims that could have been litigated in the initial action.[14]  The Washington Supreme Court in *Lenzi* expressly acknowledged that res judicata applies to claims that were litigated or might have been litigated in the prior action.[15]  It would be more accurate to describe Washington law to provide that "a judgment of any sort gets claim preclusive effect against all other claims that arise under the common nucleus of transactional fact *that could have been litigated in the first action*."

Plaintiffs rely upon several cases applying claims preclusion in bankruptcy courts.  However, each of those cases are distinguishable from this case, because each of those cases involved claims that could have been or were litigated in the first lawsuit.  In *George*, the prior litigation occurred in the bankruptcy court, and the debtors could have raised their claims under 11 U.S.C. § 525 in the earlier litigation.[16]  In *Castillo*, the debtor brought an adversary

---

[12] *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 904 (9th Cir. 2001) ("Bankruptcy courts have exclusive jurisdiction over nondischargeability actions brought pursuant to 11 U.S.C. § 523(a)(2), (4), (6) and (15).")  The bankruptcy court can give collateral estoppel (or issue preclusive) effect to other court's judgments in a nondischargeability case if the elements of the claim raised in the nonbankruptcy court and the nondischargeability claim are the same and if the claims have the same burden of proof.  *Grogan v. Garner*, 498 U.S. 279, 282-85, 111 S. Ct. 654, 656-60 (1991).

[13] Reply in Support of Cross-Motion for Summary Judgment, ECF No. 23, filed. May 13, 2026.

[14] *Lenzi*, 140 Wash. 2d at 280, 996 P.2d at 609.

[15] *Lenzi*, 140 Wash. 2d at 280, 996 P.2d at 609 (citing *Loveridge v. Fred Meyer, Inc.*, 125 Wash. 2d 759, 763, 887 P.2d 898, 900 (1995)).

[16] *In re George*, 318 B.R. at 738.

proceeding to determine the validity of a lien and for declaratory relief, which were state law claims she could have brought in her prior actions.[17]  Although *Jung Sup Lee* did involve claims of nondischargeability, the court applied claims preclusion only to the issue of the amount of the debt and punitive damages recognized by the Washington State court (which decided that a California default judgment awarding those damages should not be set aside), and not the issue of whether the debt was nondischargeable.  *Nyhe* involved federal civil rights claims that could have been brought in state court.[18]

### Conclusion

For the reasons set forth above, the court concludes that the Washington Judgment is entitled to claim preclusion regarding the amount of the debt defendant owes to plaintiffs but is not entitled to claim preclusion regarding whether or how much of that debt is nondischargeable under federal bankruptcy law.

Counsel for plaintiffs should submit an appropriate order after circulating it for review to counsel for defendant.  The parties should be prepared to discuss further scheduling in this case at the pretrial conference on June 16, 2026.

# # #

---

[17] *Castillo v. Deutsche Bank Nat'l Trust Co. (In re Castillo)*, No. 3:18-BK-07217-LT7, 2020 WL 1899558, at *6 (9th Cir. BAP Apr. 16, 2020).
[18] *Nyhe v. Campbell*, No. C04-2049P, 2005 WL 1838626, at *4 (W.D. Wash. Aug. 1, 2005).